IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY KOSYLA, | |
| Plaintiff, | |
| v. | No. 04 C 1939 |
| HOLY FAMILY HOSPITAL, | Judge: David H. Coar |
| Defendant. | Magistrate Judge: Ian H. Levin |

### NOTICE OF MOTION

To: Mr. Stanley Kosyla
2712 Sterling Road
McHenry, Illinois 60050

On August 18, 2004, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable David H. Coar or any judge sitting in his stead, in the courtroom usually occupied by him in Room 1419, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached motion.

HOLY FAMILY MEDICAL CENTER

By: _____
One of Its Attorneys

Bruce R. Alper
Timothy M. Schank
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601
(312) 609-7500

Dated: August 9, 2004

CHICAGO/#1267340.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that true and correct copies of the foregoing were served on

    Mr. Stanley Kosyla
    2712 Sterling Road
    McHenry, Illinois 60050

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on August 9, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY KOSYLA, | |
| Plaintiff, | |
| v. | No. 04 C 1939 |
| HOLY FAMILY HOSPITAL, | Judge David H. Coar |
| Defendant. | Magistrate Judge Ian H. Levin |

## MOTION TO DISMISS

Defendant, Holy Family Medical Center ("Holy Family"), by its attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint. In support, Defendant states as follows:

1. On July 9, 2004, Plaintiff filed a *pro se* Complaint, alleging that Holy Family violated his civil rights in violation of 42 U.S.C. § 1985 ("Section 1985"), based on an incident that occurred on September 19, 2001.

2. Plaintiff alleges that Holy Family violated his Constitutional rights after he was transported to Holy Family's emergency room. Specifically, Plaintiff claims that Holy Family violated his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution by: (a) refusing to take an x-ray of Plaintiff's head; (b) refusing to relieve the pain caused by an IV in Plaintiff's arm while in Holy Family's Intensive Care Unit; (c) denying Plaintiff use of a telephone to contact his family members; and (d) acting "in concert with the Des Plaines Police Department" prevented him from leaving the hospital. (Complaint ¶¶ 2-6).

3. Plaintiff's Complaint should be dismissed because:

CHICAGO/#1266630.3



      (a)     Plaintiff's claim is barred by the statute of limitation.

      (b)     Plaintiff fails to state a claim under Section 1985.

### Plaintiff's Claim Is Untimely

4.     Section 1985 claims are governed by the statute of limitations for personal injury claims in the state where the alleged injury occurred. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n.2 (7th Cir. 1995). Therefore, the two-year limitations period for personal injury claims under Illinois law applies to Plaintiff's claim. *Id.*; *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 413, 2004 WL 1535850, at *5 n.8 (N.D. Ill. July 7, 2004) (Exhibit A); 735 ILCS 5/13-202.

5.     Plaintiff' alleges that his claim arose on September 19, 2001. He filed this suit on July 9, 2004, more than 2 years and 9 months later. Accordingly, assuming Plaintiff adequately pleaded a Section 1985 claim, it is untimely and must be dismissed.[1]

### Plaintiff Fails to State A Section 1985 Claim.

6.     To state a claim for violation of 42 U.S.C. § 1985(3), Plaintiff must allege: (a) a conspiracy; (b) a purpose of depriving, either directly or indirectly, any person or class of persons of equal protection; (c) an act in furtherance of the conspiracy; and (d) an injury or deprivation of rights.[2] *Berry v. Ill. Dep't of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *8 (N.D. Ill. Feb. 2, 2001) (Exhibit B). Plaintiff fails to allege the first three elements of the claim.

---

[1] To the extent that Plaintiff's claim could be construed as arising under 42 U.S.C. § 1983, the same Illinois statute of limitations would apply and Plaintiff's claim likewise would be time-barred. *See Cabrera*, 2004 WL 1535850, at *5 n.8.

[2] Although Plaintiff does not specifically invoke subsection 3 of § 1985, it is the only subsection that could be applicable here. Section 1985(1) deals with preventing an officer from performing his duties, and § 1985(2) deals with obstructing justice, and intimidating a party, witness, or juror.

7.  First, Plaintiff's allegation that Holy Family acted "in concert with" the Des Plaines Police Department is insufficient to show a conspiracy. *See Webb v. City of Joliet*, No. 03 C 4436, 2004 WL 1179413, at *4-*5 (N.D. Ill. May 26, 2004) (dismissing Section 1985 claim where plaintiff made only conclusory allegation of a conspiracy because "allegations of a conspiracy must be further supported by some factual allegations suggesting a meeting of the minds.") (Exhibit C).

8.  Second, Plaintiff makes no allegation that Holy Family acted with the intent to discriminate against him or deny him his constitutional right to equal protection, based upon his membership in a protected class. According to the Seventh Circuit, protected classes, for purposes of Section 1985(3) claims, include only classes based upon race, sex, religion, ethnicity, or political loyalty. *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000). Because Plaintiff does not allege that he is a member of any such protected class and that he was discriminated against on that basis, he has failed to allege this element of his Section 1985(3) claim. *See Evans v. Torres*, No. 94 C 1078, 1999 WL 1010983, at *7 (N.D. Ill. Sept. 30, 1999) (dismissing Section 1985(3) claim where plaintiffs failed to allege defendant's actions were motivated by a discriminatory animus based upon plaintiffs' membership in a protected class) (Exhibit D).

9.  Third, because Plaintiff has not alleged a conspiracy, it cannot be said that any action was taken in furtherance of the nonexistent conspiracy.

10. For this additional reason, Plaintiff's action should be dismissed.

WHEREFORE, Holy Family respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

HOLY FAMILY MEDICAL CENTER

By: _____
One of Its Attorneys

Bruce R. Alper
Timothy M. Schank
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
Dated: August 9, 2004

- 4 -

CHICAGO/#1266630.3

See Case File For Exhibits