# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1939 | **DATE** | 12/28/2004 |
| **CASE TITLE** | Stanley Kosyla vs. Holy Family Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached memorandum opinion and order, Defendant's Motion to Dismiss [Doc. No. 8] is GRANTED. All other motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 13 |
| | Copy to judge/magistrate judge. | | | |
| mvf(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

STANLEY KOSYLA )
)
       Plaintiff, )
) No. 04 C 1939
v. )
) HONORABLE DAVID H. COAR
HOLY FAMILY HOSPITAL )
)
       Defendant. )

DOCKETED
DEC 29 2004

## MEMORANDUM OPINION AND ORDER

This is a case involving a *pro se* plaintiff, Stanley Kosyla, who alleges violations of his civil and constitutional rights arising from a September 2001 visit to the Holy Family Hospital. Before this Court is defendant Holy Family Hospital's Rule 12(b)(6) Motion to Dismiss. For the reasons set forth below, Defendant's motion is granted.

### I. FACTS

On September 19, 2001, plaintiff Stanley Kosyla ("Kosyla" or "Plaintiff") complained of chest pains. He was taken to the emergency room at Holy Family Hospital by Des Plaines, Illinois, paramedics. While in the emergency room, Kosyla complained of a head injury and requested that an x-ray be taken. The emergency room nurse on duty refused Kosyla's request. (Pl.'s Compl. ¶ 3.) Kosyla was admitted to the Intensive Care Unit ("ICU") at Holy Family. While a patient in the ICU, Kosyla complained of pain in his arm at the site of his IV. The attendant on duty refused any "medical procedure" to relieve Kosyla's pain. (Pl.'s Compl. ¶ 4.)

13

Kosyla also alleges that he "was held without having contact with family members, after asking for use of a telephone and being denied." (Pl.'s Compl. ¶ 5.) Finally, Kosyla asserts, "while acting UNDER COLOR OF LAW and in concert with the Des Plaines Police Department," Holy Family Hospital security personnel "illegally and without authority" prevented Kosyla from leaving the hospital.

Kosyla filed a complaint against Holy Family Hospital in federal court on December 29, 2003, which was given docket number 03 C 9371 and assigned to Judge Hart. This complaint asserted a Section 1985 claim against Holy Family Hospital, as well as violations of his First, Fourth, and Fourteenth Amendment rights.[1] (Pl.'s Compl. in 03 C 9371.) Judge Hart directed the Clerk of Court to enter judgment for Holy Family Hospital and dismissed Kosyla's cause of action without prejudice. Judge Hart's memorandum opinion and order noted that "Plaintiff's claim is frivolous because he does not allege conduct under color of law nor any other basis for supporting a cognizable federal claim." *Kosyla v. Holy Family*, No. 03-C-9371 (N.D. Ill. Jan. 6, 2004) (mem.).

Kosyla filed the current complaint on March 15, 2004. The only substantive change in this complaint, as compared to the complaint in 03-C-9371, is that Kosyla alleges that Holy Family Hospital Security, acting under color of law and in concert with the Des Plaines Police Department, illegally detained him and prevented him from leaving the hospital. (Pl.'s Compl. ¶ 6.) Holy Family Hospital has moved to dismiss Kosyla's complaint as untimely under the applicable statute of limitations and for failure to state a claim.

---

[1] In its reply brief in support of its Motion to Dismiss in the instant case, Holy Family Hospital states that it was never served in Kosyla's 2003 action against it.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's Complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint. A plaintiff, however, must provide a short and plain statement that shows that he or she is entitled to relief. Fed. R. Civ. P. 8(a); *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 90 (1957). Where a plaintiff is proceeding *pro se*, as Kosyla is doing here, the Court has a heightened responsibility to construe the complaint liberally. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). A *pro se* plaintiff may plead himself out of court, however, by pleading facts that undermine his case. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). A plaintiff is not required to identify specifically the legal basis for his or her claim in the *complaint*. If, however, a motion to dismiss challenges one or more of the claims in the complaint, then the plaintiff must respond by identifying the legal basis for the claim and making adequate legal arguments in support of the claim. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041-42 (7th Cir. 1999); *Stransky v. Cummins Engine Co.*, 51 F.3d. 1329, 1335 (7th Cir. 1995).

## III. ANALYSIS

In its Rule 12(b)(6) motion to dismiss, Holy Family Hospital alleges that Kosyla's complaint is time-barred under the applicable statute of limitations and that, in any event, Kosyla fails to state a claim under 42 U.S.C. § 1985. Under the motion to dismiss standard discussed above, Kosyla therefore was required to identify the specific legal basis for his claim and make adequate arguments in support thereof in his response brief.

### A. Statute of Limitations

The time period for filing a federal civil rights claim is controlled by the statute of limitations for personal injury claims in the state where the alleged injury occurred. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n.2 (7th Cir. 1995) (citations omitted). In Illinois, the applicable statute of limitations period is two years from the date of the injury. 735 ILCS 5/13-202 (1987). In plain English, the statute of limitations for a Section 1985 claim is "borrowed" from the Illinois personal injury statute. Therefore, a Section 1985 claim must be brought within two years of the date of the alleged civil rights violation or it will be barred as untimely.

Defendant Holy Family Hospital argues that Kosyla's instant complaint is untimely because he filed it more than two years after his alleged injury occurred. Moreover, Holy Family contends, even Kosyla's previous complaint (No. 03 C 9371) was untimely because it was filed two months after the two-year statute of limitations period ended. Plaintiff Kosyla argues that because his complaint alleges a federal civil rights violation, the statute of limitations for personal injury causes of action is irrelevant. Kosyla's argument fails because the Seventh Circuit has held that the statute of limitations period for Section 1985 actions brought in federal court in Illinois is the same as the statute of limitations period for personal injury actions under Illinois

law. In Illinois, a plaintiff must bring his or her personal injury cause of action within two years of the alleged injury. Therefore, in Illinois, a plaintiff must bring his or her federal civil rights violation cause of action within two years of the alleged violation. Kosyla failed to bring either of his federal civil rights complaints within the two-year statute of limitations. For this reason, his complaint is untimely and is therefore barred.

## Conclusion

For the foregoing reasons, Holy Family Hospital's motion to dismiss is granted. All other motions are moot and terminated. This case is closed.

Enter:

David H. Coar
United States District Judge

Dated: **December 29, 2004**